**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VINCENT TRIPICCHIO, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>  -against-<br><br>THE UPS STORE, INC., JB & A Enterprises, Inc.,<br><br>        Defendants. | Case No. 1:21-cv-14512 |

**DEFENDANTS THE UPS STORE, INC.'S AND JB & A ENTERPRISES, INC.'S NOTICE OF REMOVAL**
**PURSUANT TO 28 U.S.C §§ 1332, 1441, 1446, AND 1453**

PLEASE TAKE NOTICE that Defendants The UPS Store, Inc. ("TUPSS, Inc.") and JB & A Enterprises, Inc. ("JB & A" and together with TUPSS, Inc., "Defendants") hereby remove to this Court the State Court Action described below pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  Defendants deny the allegations and damages claimed in the Complaint filed in the State Court Action, and submit this notice without waiving any defenses, exceptions, or obligations that may exist in their favor in either state or federal court.

**Procedural History and Timeliness of Removal**

1. November 16, 2020, Plaintiff Vincent Tripicchio commenced an action in the Superior Court of New Jersey, Law Division – Burlington County,

1

Case No. BUR-L-002219-20 (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants in the action are attached to this notice collectively as Exhibit A to the Declaration of David J. Fioccola in Support of Defendants' Notice of Removal ("Fioccola Dec.").

3. In the Complaint, Plaintiff alleges that on October 13, 2020, he had a single document notarized at a The UPS Store® franchise business in Mount Laurel, New Jersey that was owned and operated by defendant JB & A Enterprises, Inc. Plaintiff claims that he was charged a "$2.50 'Notary' fee and a $12.50 'Notary Convenience' fee." (Compl. ¶ 30.) All of Plaintiff's causes of action are premised on the notion that these transactions violated N.J. Stat. Ann. § 22A:4-14 ("Section 22A:4-14"), which provides in relevant part that "For a service specified in this section, foreign commissioners of deeds, notaries public, judges and other officers authorized by law to perform such service, shall receive a fee as follows: . . . For taking all acknowledgments, $2.50." Plaintiffs allege that "Defendants have pursued a uniform policy of charging an illegal $15 fee to notarize all documents . . . with Defendants labeling this $15 fee on the receipt as a "$2.50 'Notary' charge and a $12.50 'Notary Convenience' fee." (Compl. ¶ 21.)

4. Based on these allegations, Plaintiff sued JB & A, as well as TUPSS, Inc., the franchisor of The UPS Store® centers. Plaintiff purports to assert claims

2

against defendants for a declaratory judgment that a business cannot charge a separate "convenience fee" to have a document notarized, and claims for violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, New Jersey Truth in Consumer Contract, Warranty, and Notice Act, N.J. Stat. Ann. § 56:12-14, unjust enrichment, and breach of contract.

5. In addition, Plaintiff is seeking certification of a three different plaintiff classes. The first consists of "all persons who were charged a fee of more than $2.50 by Defendants for notarizing any document not related to the sale or financing of real estate at a UPS Store in New Jersey between November 16, 2014 and the present." The second is a subclass of "all persons who were charged a $12.50 'Notary Convenience' fee by Defendants for notarizing a power of attorney document, will, or affidavit at a UPS Store in New Jersey between November 16, 2014 and the present." The third is a subclass of "all persons who were charged a $12.50 'Notary Convenience' fee for having a power of attorney document, will, or affidavit notarized at UPS Store #1155 in Mount Laurel, New Jersey between November 16, 2014 and the present." (Compl. ¶¶ 34-36.)[1]

6. The Complaint does not specify the amount Plaintiff alleges to be in controversy. Rather, Plaintiff vaguely requests unspecified relief for "damages

---

[1] On July 22, 2021, the Appellate Division issued an opinion and order in a related putative class action holding that Section 22A:4-14 "confers no private cause of action on plaintiff." (*See* Fioccola Decl. ¶ 2, Ex. B.)

suffered," as well as treble damages under N.J. Stat. Ann. § 56:8:19, "punitive damages," "pre-judgment and post-judgment interest," statutory penalties of $100 "per person" under N.J. Stat. Ann. § 56:12-14, and "attorneys' fees and costs." (*See* Compl. "Prayer for Relief".)  Plaintiff also seeks injunctive and declaratory relief, including a "court-administered program to provide refunds to all class members…." (*Id.*)

7. Defendants' deadline to answer or otherwise respond to the Complaint is September 30, 2021.

8. Removal is timely.  Under 28 U.S.C. § 1446(b)(1), "in the event the initial pleading demonstrates the basis for removal, the notice of removal must be filed 'within 30 days after the receipt by 'the defendant.'" *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 593 (D.N.J. 2016) (quoting 28 U.S.C. § 1446(b)(1)). "If, however, the initial pleading does not demonstrate a basis for removal, the petition must 'be filed within 30 days after receipt by the defendant' of a litigation document (either an 'amended pleading, motion, order or other paper') demonstrating sufficient jurisdictional facts" under 28 U.S.C. § 1446(b)(3). *Id.*

9. Here, the deadlines under §§ 1446(b)(1) and (b)(3) were never triggered because the FAC does not allege that the amount in controversy exceeds the $5 million requirement under the Class Action Fairness Act of 2005 ("CAFA") and defendants have not received any other litigation document demonstrating that

plaintiffs are seeking more than $5 million. *See id.* at 594 ("even a cursory inspection of Plaintiffs' Class Action Complaint reveals that it fails to describe a basis for federal jurisdiction . . . [it] provides no clue as the numeric composition of the proposed class, nor to the aggregate damages sought by the unquantified class . . . because neither Plaintiffs' Complaint nor their subsequent dismissal submissions provided Defendants with facts demonstrating federal jurisdiction under CAFA, the Court concludes that the 30-day removal clocks of 28 U.S.C. § 1446(b)(1) and (3), supra, have not been triggered either by the Complaint or any other litigation document received by Defendants.")

10.     There is no prohibition against defendants removing a case without waiting to receive some other "litigation document" that would trigger the deadlines under § 1446(b)(3). "[T]he weight of persuasive authority has rejected the view that the 30-day removal windows of 28 U.S.C. §§ 1446(b)(1) and (b)(3) provide the exclusive periods for removal, embracing instead the notion that defendants may remove once they determine, based upon a review of their own records, that the action meets the requirements of CAFA." *Id.* at 595 (collecting cases)

11.     Here, Defendants are timely filing this notice after an investigation of their records revealed that the $5 million amount in controversy requirement for diversity jurisdiction under CAFA has been met.

**Basis for Removal Jurisdiction**

12.     <u>Generally</u>.  The action is removable under CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

13.     <u>Covered Class Action</u>.  This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a), (b).  Plaintiffs purport to bring a class action on behalf of "all persons who were charged a fee of more than $2.50 by Defendants for notarizing any document not related to the sale or financing of real estate at a UPS Store in New Jersey between November 16, 2014 and the present." (Compl. ¶ 34.)   Plaintiffs allege that the Class "includes at least 100 persons."  (*Id.* ¶ 37.)

14.     <u>Diversity</u>.  The minimal diversity standard of the CAFA is met as long as any defendant is a citizen of a state different from any member of the putative class of plaintiffs.  28 U.S.C. § 1332(d)(2)(A).  Plaintiff alleges that he is a New Jersey citizen resident and that the putative class consists of "all persons who were charged a fee of more than $2.50 by Defendants for notarizing any document not related to the sale or financing of real estate at a UPS Store in New Jersey…," which would include citizens not only from New Jersey but from other states—for

example neighboring Pennsylvania and New York—who had a document notarized at a The UPS Store® franchise in New Jersey. (Compl. ¶ 34.) As of the date the State Court Action was filed, and as of the date of this removal, Defendant TUPSS, Inc. is a Delaware corporation with its principal place of business in San Diego, California. (Declaration of Judith Milner, dated July 28, 2021 ("Milner Decl.") ¶ 6; *see* Complaint ¶ 10.)

      15.    <u>Amount in Controversy – Alleged Damages</u>. This Court has original jurisdiction over a class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs…." 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy requirement is met. *Id.* § 1332(d)(6). Here, TUPSS, Inc.'s internal records demonstrate that for the putative six year class period there were 1,068,852 transactions for notary services at The UPS Store® centers in New Jersey. (Milner Decl. ¶ 5.) Conservatively assuming that there was only one item notarized in each transaction and that, accepting Plaintiff's allegations as true that there was a $12.50 overcharge per transaction, Plaintiff is seeking at least $13,360,650 in compensatory damages. *See, e.g., Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (calculating amount in controversy by multiplying named plaintiff's alleged damages by number of individuals in the putative class). Further, because Plaintiff asks for treble damages under the New Jersey Consumer

7

Fraud Act, monetary damages that he is seeking are at least $40,081,950.  *See id*. (where plaintiff class requests punitive damages provided for under a statute a court "must consider [them] when calculating the amount in controversy." (citation omitted))  Similarly, Plaintiff is seeking statutory penalties of $100 per person under N.J. Stat. Ann. § 56:12-14.  Assuming that each transaction is associated with a single person, those statutory penalties amount to more than $100 million.  Plaintiff also seeks an injunction requiring all The UPS Store® franchisees in New Jersey never to charge more than $2.50 for any notarial services.  The present value of a lost stream of payments of $2,226,775 (based on an average of 178,142 transactions per year at $2.50 rather than $15.00) for 20 years is nearly $44.5 million.  *See, e.g.*, *McNair v. Synapse Grp., Inc.*, Civil Action No. 06-5072 (JLL), 2009 U.S. Dist. LEXIS 103108, at *6-7 (D.N.J. Nov. 5, 2009) ("In the Third Circuit, for actions seeking an injunction, 'it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief.'") (quoting *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994)).  Finally, Plaintiff also seeks an award of attorney's fees. (Compl. "Prayer for Relief".)  This amount should be included in determining the amount in controversy, and could be as much as 30% of a judgment, or at least $4 million based on the alleged compensatory damages alone.  *See*, *Frederico*, 507 F.3d at 199 (when assessing the amount in controversy, courts "must also consider

ny-2189341

attorney's fees [which] could be as much as thirty percent of the judgment" in a class action). Accordingly, the amount is controversy is well over the required $5 million threshold.

## Notice to State Court

16. A copy of this Notice of Removal was filed with the Clerk of the Superior Court of New Jersey, Law Division – Mercer County. (*See* Fioccola Decl. ¶ 3 attaching the state court removal notice without exhibits as Exhibit C.)

Accordingly, Defendants respectfully submit that this action is removed properly pursuant to CAFA.

Dated: New York, New York
       August 3, 2021

MORRISON & FOERSTER LLP

By: */s/ David J. Fioccola*
    David J. Fioccola
    Adam J. Hunt *pro hac vice forthcoming*
    250 West 55th Street
    New York, New York 10019
    Tel:  (212) 468-8000
    Fax:  (212) 468-7900
    Email:  dfioccola@mofo.com
           ahunt@mofo.com

    Mark R. McDonald *pro hac vice forthcoming*
    MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
    Los Angeles, California 90017
    Tel:  (213) 892-5200
    Fax:  (213) 892-5454
    Email:  MMcDonald@mofo.com

*Attorneys for Defendants The UPS Store, Inc.*

GORDON REES SCULLY MANSUKHANI, LLP

Andrea M. Schwartz (ID 037271996)
Three Logan Square
1717 Arch St., Suite 610
Philadelphia, PA 19103
Tel:  (215) 717-4023
Email:  amschwartz@grsm.com

Matthew B. Johnson (ID 259382018)
One Battery Park Plaza, 28th Fl.
New Yo4rk, New York 10004
Tel:  (212) 402-2298
Email:  mbjohnson@grsm.com

*Attorneys for Defendant JB &A Enterprises,   Inc.*

ny-2189341

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a true and complete copy of the within NOTICE OF REMOVAL to the following counsel of record for Plaintiff Vincent Tripicchio via UPS and electronic mail:

**DENITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis, Esq.
Joseph A. Osefchen, Esq.
Shane T. Prince, Esq.
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
sdenittis@denittislaw.com

This 3rd day of August, 2021.

                                          /s/ David J. Fioccola

                                          David J. Fioccola